## 76002. SMITH v. RUBLOFF, INC.

(370 SE2d 159)

McMurray, Presiding Judge.

This is an action by plaintiff Smith, a licensed real estate agent and former independent contractor of defendant Rubloff, Inc., a real estate brokerage firm. Plaintiff alleges that working under an independent contractor agreement with defendant, he, along with Griffiths, procured an agency for a law firm for the purpose of finding office space for the law firm. Plaintiff further alleges that he, along with Griffiths, successfully negotiated and concluded a lease for the law firm for which the defendant Rubloff, Inc. was paid a commission. Plaintiff contends that he was entitled to a larger compensation from defendant in connection with this transaction than was paid to him and demands judgment for the balance due.

Defendant Rubloff, Inc. moved to stay litigation and to compel arbitration as to all of plaintiff's claims. The state court, "finding that the transaction underlying this litigation was in interstate commerce pursuant to the United States Arbitration Act, 9 USC § 1 et seq., and that Plaintiff's contract with Defendant contains a valid and mandatory arbitration provision covering the issues raised by Plaintiff," granted defendant's motion. We granted plaintiff Smith's application seeking interlocutory review of the state court's grant of defendant's motion to stay litigation and compel arbitration. *Held*:

The independent contractor agreement between plaintiff and defendant incorporates by reference the arbitration provisions of defendant's associates' manual. The arbitration provisions are applicable where a dispute arises between an associate (independent contractor) and any other associate or other person affiliated with defendant which cannot be settled by and between the parties involved. The arbitration provisions do not address a conflict between an independent contractor such as plaintiff and the defendant.

The larger part of the alleged shortfall in plaintiff's compensation arises from a rebate by defendant in excess of $81,000 to the law firm tenant. Thus, while plaintiff seeks compensation based upon the sum originally received by defendant, defendant has calculated plaintiff's compensation based on the net after rebate. This portion of plaintiff's claim, as well as another involving the percentages to be used in the division of commissions between plaintiff and defendant, clearly do not involve any dispute between plaintiff and a person affiliated with defendant. Such claims arise from a dispute between plaintiff and defendant, thus are not governed by the arbitration provisions relied upon by defendant.

Defendant contends plaintiff's disputes with it have been waived due to a failure on the part of plaintiff to provide notice of the dispute in compliance with a provision contained in the independent

contractor's agreement between the parties. However, there has been no ruling by the state court on this contention and the effect of the state court's grant of defendant's motion to stay litigation and compel arbitration, is to submit plaintiff's disputes with defendant to arbitration. The scope of arbitration is set by the parties' contract and plaintiff's disputes with defendants are clearly beyond the scope of the arbitration agreement between the parties. Additionally, even if contractually applicable, the panel of arbitrators designated under the provisions of defendant's associates' manual (an employee and two associates (independent contractors) of defendant) would render the arbitration provision invalid as to a controversy between plaintiff and defendant. *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U. S. 145 (89 SC 337, 21 LE2d 301). The state court erred in granting defendant's motion to stay litigation and compel arbitration. However, we express no opinion as to whether the state court may divert some limited portion of the issues in the case to arbitration.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED APRIL 19, 1988 —
REHEARING DENIED MAY 10, 1988 —

*Martin H. Rubin*, for appellant.
*J. Kirk Quillian, H. Carol M. Saul*, for appellee.